UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

RICHARD JONES,

                                      **Plaintiff,**

            -against-

THE CITY OF NEW YORK and
DETECTIVE E. STEVENS, Shield Number 7738,
DETECTIVE JAMES ROSE, Shield Number
Unknown, and DETECTIVE ODENAL IRIAS, Shield
Number 7410,

                                      **Defendants.**

------------------------------------------------------------------- x

ANSWER OF DEFENDANTS
CITY OF NEW YORK AND
DETECTIVES STEVENS
AND IRIAS TO AMENDED
COMPLAINT

07 Civ. 7004 (RMB)(DCF)

**JURY TRIAL DEMANDED**

        Defendants[1] City of New York ("City"), Detective Stevens, and Detective Irias, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Amended Complaint, respectfully allege, upon information and belief, as follows.

        1. Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the Amended Complaint, except admit that plaintiff purports to base venue as stated therein.

---

[1] Upon information and belief, Detective James Rose has never been served with the complaint or the amended complaint in this action.

5. Defendants state that the allegations set forth in paragraph "5" of the Amended Complaint are not averments that require a response.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Amended Complaint.

7. Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that the City of New York is a municipal corporation.

8. Defendants state that the allegations set forth in paragraph "8" of the Amended Complaint constitute legal conclusions to which no response is required, except admit that the City of New York maintains a police department.

9. Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that Detective E. Stevens is an employee of the New York City Police Department.

10. Defendants state that the allegations set forth in paragraph "10" of the Amended Complaint constitute legal conclusions to which no response is required.

11. Defendants state that the allegations set forth in paragraph "11" of the Amended Complaint constitute legal conclusions to which no response is required.

12. Deny the allegations set forth in paragraph "12" of the Amended Complaint, except admit that Detective James Rose is an employee of the New York City Police Department.

13. Defendants state that the allegations set forth in paragraph "13" of the Amended Complaint constitute legal conclusions to which no response is required.

14. Defendants state that the allegations set forth in paragraph "14" of the Amended Complaint constitute legal conclusions to which no response is required.

15. Deny the allegations set forth in paragraph "15" of the Amended Complaint, except admit that Detective Odenal Irias is an employee of the New York City Police Department.

16. Defendants state that the allegations set forth in paragraph "16" of the Amended Complaint constitute legal conclusions to which no response is required.

17. Defendants state that the allegations set forth in paragraph "17" of the Amended Complaint constitute legal conclusions to which no response is required.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Amended Complaint.

19. Deny the allegations set forth in paragraph "19" of the Amended Complaint.

20. Deny the allegations set forth in paragraph "20" of the Amended Complaint.

21. Deny the allegations set forth in paragraph "21" of the Amended Complaint.

22. Deny the allegations set forth in paragraph "22" of the Amended Complaint.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint.

24. In response to the allegations set forth in paragraph "24" of the Amended Complaint, defendants City and Detectives Stevens, and Irias repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

25. Defendants state that the allegations set forth in paragraph "25" of the Amended Complaint constitute legal conclusions to which no response is required.

26. Deny the allegations set forth in paragraph "26" of the Amended Complaint.

27. In response to the allegations set forth in paragraph "27" of the Amended Complaint, defendants City and Detectives Stevens, and Irias repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the Amended Complaint.

29. Deny the allegations set forth in paragraph "29" of the Amended Complaint.

30. In response to the allegations set forth in paragraph "30" of the Amended Complaint, defendants City and Detectives Stevens, and Irias repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the Amended Complaint.

32. Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33. In response to the allegations set forth in paragraph "33" of the Amended Complaint, defendants City and Detectives Stevens, and Irias repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the Amended Complaint.

35. Deny the allegations set forth in paragraph "35" of the Amended Complaint.

36. Deny the allegations set forth in paragraph "36" of the Amended Complaint.

37. Deny the allegations set forth in paragraph "37" of the Amended Complaint.

38. Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39. Deny the allegations set forth in paragraph "39" of the Amended Complaint.

40. Deny the allegations set forth in paragraph "40" of the Amended Complaint.

41. Deny the allegations set forth in paragraph "41" of the Amended Complaint.

42. In response to the allegations set forth in paragraph "42" of the Amended Complaint, defendants City and Detectives Stevens and Irias repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Amended Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Amended Complaint except deny that defendants have not made payment on plaintiff's claim.

45. Deny the allegations set forth in paragraph "45" of the Amended Complaint.

46. Defendants state that the allegations set forth in paragraph "46" of the Amended Complaint constitute legal conclusions to which no response is required.

47. In response to the allegations set forth in paragraph "47" of the Amended Complaint, defendants City and Detectives Stevens, and Irias repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the Amended Complaint.

49. Deny the allegations set forth in paragraph "49" of the Amended Complaint.

50. Deny the allegations set forth in paragraph "50" of the Amended Complaint.

51. In response to the allegations set forth in paragraph "51" of the Amended Complaint, defendants City and Detectives Stevens, and Irias repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the Amended Complaint.

53. Deny the allegations set forth in paragraph "53" of the Amended Complaint.

54. In response to the allegations set forth in paragraph "54" of the Amended Complaint, defendants City and Detectives Stevens, and Irias repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

55. Deny the allegations set forth in paragraph "55" of the Amended Complaint.

56. Deny the allegations set forth in paragraph "56" of the Amended Complaint.

57. Deny the allegations set forth in paragraph "57" of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

58. The Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

59. Defendants City and Detectives Stevens and Irias have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

60. At all times relevant to the acts alleged in the Amended Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

61. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants City or Detectives Stevens or Irias.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

62. Defendants Stevens and Irias have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

63. At all times relevant to the acts alleged in the Amended Complaint, defendants Stevens and Irias acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

64. Plaintiff provoked any incident.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

65. Plaintiff has failed to comply with New York General Municipal Law § 50-e.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

66. Plaintiff's claims may be barred in part by the statute of limitations.

**WHEREFORE,** defendants City, Stevens and Irias request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         November 1, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants City, Detective Stevens, and Detective Irias
100 Church Street
New York, New York 10007
(212) 788-1194

By:     /s/
        Susan M. Halatyn
        Senior Counsel
        Special Federal Litigation Division


        /s/
        Lisa Applebaum and Joshua Dunn
        Pursuant to Law Student Appearance Order

To:   Jeff Pollack (By ECF)
      Attorney for Plaintiff